**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:13-CV-00060-GCM

| | | |
|---|---|---|
| KEVIN CHELKO PHOTOGRAPHY, INC., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| JF RESTAURANTS, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 11) and Memorandum in Support (Doc. No. 12). For the following reasons, the Court will *sua sponte* order a hearing pursuant to Fed. R. Civ. P. 55(b)(2).

## I.    BACKGROUND

Plaintiff Kevin Chelko Photography, Inc. filed his complaint on January 31, 2013, seeking injunctive relief and damages for violations of the Copyright Act of 1975, 17 U.S.C. § 101, *et seq*. (Compl., Doc. No. 1)  The Complaint alleges that Plaintiff entered into several contracts with Defendant JF Restaurants, LLC, which operates Just Fresh chain restaurants, under which Defendant was authorized to use Plaintiff's photographs for a period of three years. In 2007, Defendant paid Plaintiff $4,034.58 for the rights to use 167 photographs. (Compl. ¶¶ 9-10)  The parties entered into a second contract that same year, and Defendant paid $2,354.14 to acquire the rights to an additional 96 photographs. (Compl. ¶¶ 12-13)  Plaintiff granted Defendant the rights to an additional photograph for $268.13 in a third contract, and the rights to one more in a fourth contract for $268.75.  (Compl. ¶¶ 15-16, 18-19).  Plaintiff and Defendant entered their final contract in 2008.  (Compl. ¶ 21)  Defendant paid Plaintiff $1,765 in exchange for the rights to 62

photographs. (Compl. ¶¶ 21-22) According to the Complaint, after Defendant's right to use the images expired, Defendant continued to display them on promotional materials. (Compl. ¶ 24) Plaintiff notified Defendant that the continued use of the photographs amounted to a violation of their contracts and demanded that it pay an additional fee. (Comp. ¶ 25) Defendant refused. (Compl. ¶ 25)

On March 19, 2013, Plaintiff filed an Affidavit of Service. (Doc. No. 5) Plaintiff's attorney stated that he sent a summons and copy of the Complaint by certified mail to Defendant's registered agent, and that the postal service returned the mailing with the notation "return to sender, unable to forward." (*Id.* ¶ 2) Counsel subsequently sent the summons and complaint to the North Carolina Secretary of State in accordance with N.C. Gen. Stat. § 55D-33(b). (*Id.* ¶ 3)

On April 4, 2013, Plaintiff filed a Motion for Entry of Default (Doc. No. 6), and the Clerk entered a default. (Doc. No. 7) Plaintiff failed to take further action, and on September 3, 2015, this Court ordered Plaintiff to show cause. (Doc. No. 8) Plaintiff's counsel filed a response, stating that "[e]ven after the Clerk entered default, counsel . . . expected Just Fresh to join the action and move to set aside the entry of default." (Doc. No. 9, ¶ 2) Counsel also explained that he had difficulty determining how damages should be calculated. (*Id.*, ¶ 5) He respectfully requested that the Court allow additional time to file a motion for default judgment. (*Id.*)

The Court subsequently ordered Plaintiff to file a motion for default judgment within 30 days (Doc. No. 10), and Plaintiff filed a Motion for Default Judgment (Doc. No. 11). In his Memorandum in Support, Plaintiff requested that the Court award statutory damages for each infringement of Plaintiff's photographs, as well as injunctive relief. (*Id.*) Plaintiff alleges that Defendant has infringed 30 of his photographs, each of which constitutes a "separate copyrighted work[]." (*Id.* at 3) Plaintiff argues that Defendant acted willfully in each instance of infringement.

(*Id.* at 6-7)  For two of the photographs, Plaintiff claims that he never licensed the images to Defendant and asks for the maximum statutory damages of $150,000 per photograph on the ground that the infringement was willful.  (*Id.* at 6)  For the remaining 28 photographs, for which Defendant's licenses expired, Plaintiff asks for "substantial damages," again on the basis of the "willful" nature of Defendant's infringement.  (*Id.* at 7)

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that when the Clerk has entered a default against a defendant, and the plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The rule further empowers the Court to "conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter."  *Id.*  The Court can set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The rule encourages disposing of claims on the merits, but at the same time vests district courts "with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

## III.    ANALYSIS

The Copyright Act provides that an infringer is liable to a copyright owner for "the actual damages suffered . . . and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. § 504(b).  It further provides that a copyright owner may elect to recover statutory damages in a sum of not less than $750, or more than $30,000, in lieu of actual damages and profits.  *Id.* § 504(c)(1).  An exception exists, however, when the copyright owner "sustains the burden of proving, and the court finds,

3

that infringement was committed willfully." *Id.* § 504(c)(2). Under those circumstances, the court may, in its discretion, "increase the amount of statutory damages to a sum of not more than $150,000." *Id.* If the infringer proves, and the court finds, that it had no reason to believe that the actions constituted infringement, the court may reduce the amount to, at minimum, $200. *Id.*

Plaintiff argues that statutory damages of $150,000 are warranted for two photographs because those photographs were never licensed to Defendant. (Doc No. 12 at 6-7; Comp. ¶¶ 29-30) Plaintiff argues that, for the additional 28 instances of infringement, he should be awarded "substantial" damages because when he notified Defendant that the licenses for these photographs had expired, Defendant refused to pay a new fee. (Doc. No. 12 at 7; Compl. ¶ 25)

It appears to the Court, however, that a finding of willfulness is not appropriate where there is no indication in the record that Defendant is aware that this lawsuit has been filed or that a default has been entered against it. Plaintiff alleges in the Complaint that he entered into a dialogue with Defendant about renewed payment for his photographs, yet when it came time to serve the complaint, Plaintiff opted for substituted service. (Doc. No. 5) Although Rule 4 provides that an individual may effect service on a corporation "by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process," Plaintiff chose to serve Defendant's registered agent pursuant to North Carolina law. Fed. R. Civ. P. 4(h). Ultimately, Plaintiff served the Secretary of State of North Carolina, which although a valid form of process, does not seem to have notified Defendant of the proceedings. Moreover, although counsel for Plaintiff states that he expected Defendant to file a motion to vacate the entry of default, there is no suggestion in the record that Plaintiff has made any efforts to confer with Defendant or any agent or officer thereof. In the absence of any

indication that Defendant is aware of Plaintiff's complaint and the subsequent entry of default, the

Court is reluctant to find that the copyright infringement alleged in this case was willful.

At the same time, the Court recognizes that Defendant is required by law to maintain a

registered agent, and its failure to do so is largely to blame for its apparent ignorance of Plaintiff's

Complaint.[1] For this reason, the Court will set a date for a status hearing. At the hearing, Plaintiff

should present evidence of reasonable efforts to notify Defendant of the entry of default against it.

This could include delivery of the summons and complaint to a manager of any one or more Just

Fresh locations.[2] Counsel could also attempt to contact the corporate office or managing members

by mail.[3] As an additional matter, Plaintiff should endeavor to provide a reasonable estimate of

the actual damages suffered as a result of Defendant's infringement. For example, it would be

useful to provide the Court with the amount that Plaintiff requested from Defendant in his request

that new fees be paid for the continued use of the disputed photographs. If such information is not

available, Plaintiff could provide his current, or most recent, licensing rates.

In sum, it appears to the Court that a hearing is required to assess Defendant's willfulness

and to determine the amount of damages. It is therefore ordered that Plaintiff make reasonable

---

[1] Defendant's annual registration for the year 2012 appears to have been filed late, which may have caused the problem in this case. According to the North Carolina Secretary of State's website, Defendant filled out a form on September 8, 2012, designating Joseph H. Drury as its registered agent, and listing an address at 10915 South Loop Boulevard, Pineville, N.C. 28134. The document apparently was not actually filed, however, until March 21, 2013—*after* Plaintiff's counsel attempted to complete service on February 1, 2013 at a different address. *See* N.C. Dep't of the Sec. of State, Online Annual Reports for: J.F. Restaurants, LLC, https://www.secretary.state.nc.us/corporations/ARReportsList.aspx?PitemId=7974233 (last visited Nov. 9, 2015).

[2] According to the company's website, it maintains seven locations in the greater Charlotte area. Just Fresh Locations, http://justfresh.com/locator/ (last visited Nov. 9, 2015).

[3] The North Carolina Secretary of State lists the following corporate mailing address on its website: 11220 Elm Lane, Suite 203, Charlotte, N.C. 28277. N.C. Dep't of the Sec. of State, Corporations Division, http://www.secretary.state.nc.us/Search/profcorp/7974233 (last visited Nov. 9, 2015). According to the same webpage, the company's managing members can be reached at P.O. Box 7365, Charlotte, N.C. 28241.

efforts to confer with Defendant and file a status report within 21 days.  At that time, the Court

will set a date for a hearing pursuant to Fed. R. Civ. P. 55(b)(2).

**SO ORDERED.**

Signed: December 11, 2015

Graham C. Mullen
United States District Judge