IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-00060-GCM

| | |
|---|---|
| KEVIN CHELKO PHOTOGRAPHY, INC., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JF RESTAURANTS, LLC | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court following Defendant's Motion for Summary Judgment (Doc. No. 34), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 36), and Defendant's Reply Brief in Support of Motion for Summary Judgment.

**I.  BACKGROUND**

Plaintiff Kevin Chelko Photography, Inc. ("Plaintiff") is owned by Kevin Chelko. (Doc. No. 13 at 1). Defendant owns and operates several "Just Fresh" restaurant locations. (Doc. No. 1 at 6). At issue are photographs of food used by Defendant in connection with its business.

Plaintiff filed a Complaint (Doc. No. 1) on January 31, 2013, alleging copyright infringement pursuant to 17 U.S.C. § 504. (Doc. No. 1 at 8). Plaintiff and Defendant entered into five contracts between April 3, 2007 and July 16, 2008 to use photographs depicting Just Fresh menu items (collectively the "Just Fresh Photographs") for a period of three years. (Doc. No. 1 at 2-5). The contracts permitted "all usages" of the Just Fresh Photographs, including use in print advertisement, electronic media, in-store signage, and product packaging. (*See* Doc. No. 1 at

1

Exs. A, C, I; Doc. No. 35 at Ex 1, deposition of Plaintiff p. 53:16-54:20; 104"4-106"10). In addition to the Just Fresh Photographs, Plaintiff alleges Defendant contracted to use two stock photography images previously licensed to an unrelated third party. (Doc. No. 1 at 15, 18). Plaintiff alleges Defendant continued to use the stock images and the Just Fresh Photographs beyond the three year term authorized under the contracts. (Doc. No. 1 at 24).

## II. STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of proving that subject matter jurisdiction exists. *See*, *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## III. ANALYSIS

Defendant argues that the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because Plaintiff does not have standing to sue for infringement of the exclusive right under the copyrights in the Complaint. Only the "legal or beneficial owner of an exclusive right under a copyright" has standing bring suit for infringement of that right. *See* 17 U.S.C. § 501(b). The owner of an exclusive right is either the author of the work in question or an assignee of the right as prescribed by 17 U.S.C. § 204(a).

Mr. Chelko individually owns the subject copyrights. Plaintiff confirmed that Mr. Chelko is the author of the allegedly infringed photographs in its deposition and Mr. Chelko was identified as the copyright claimant in each of his signed copyright applications. (Doc. No. 35 at 5).

2

Additionally, Mr. Chelko did not transfer any of his exclusive rights under the subject copyrights to the Plaintiff. Mr. Chelko was disposed by the Defendant and asked "Have you transferred any copyright rights to Kevin Chelko Photography Inc.?" to which Mr. Chelko replied "No." Chelko Photography Dep. At 135:22-136:4).

Therefore, Plaintiff is not the legal owner nor the beneficial owner of the copyrights in question.[1]

The facts regarding Plaintiff's lack of ownership of the subject copyrights are not in dispute as detailed above. Plaintiff has not put forth any evidence that it owns the copyrights identified in the Complaint or the exclusive rights thereunder. In Plaintiff's reply brief, the only evidence cited to support its position is five exhibits in the complaint "which show Chelko Photography has been exercising the right to distribute copies of copyrighted works." (Pl. Br. At 3). However, this is not enough to make Plaintiff a beneficial owner and give it standing. Absent a written assignment or exclusive license from the original copyright owner, any alleged right to distribute or manage the Subject Copyrights does not provide standing to sue for copyright infringement. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 649-53 (E.D. Va. 2015) (company that administered copyrighted works but did not own assignment or exclusive license for the copyrights lacked standing to bring infringement action).

Mr. Chelko, individually, is the only party that has standing to bring the claims asserted in this action. Plaintiff does not have standing bring the infringement claims asserted in this action. 17 U.S.C. § 501(b).

---

[1] Mr. Chelko's ownership interest in Plaintiff does not provide Plaintiff standing to sue. *See Wallert v. Atlan*, 141 F. Supp. 3d 258, 266-67 (S.D.N.Y. 2015) (rejecting claim that owner of company had standing to sue for infringement of copyrights owned by the company, noting that a "basic tenant of American corporate law is that the corporation and its shareholders are distinct entities.").

Accordingly, Kevin Chelko Photography, Inc. cannot proceed in this action and its claims for infringement against JF Restaurants, LLC are dismissed pursuant to Rule 12(b)(1). Because the Court finds a lack of subject matter jurisdiction, the other issues raised by the Defendant are not addressed.

Plaintiff argues that even if it lacks standing, Federal Rule of Civil Procedure 17 should apply in this case to cure the jurisdictional defects. Rule 17 "address[es] party joinder, not federal-court subject-matter jurisdiction." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005). "Rule 17(a) applies only to joinder of parties who assert claims." *Id.* Rule 17(a) "must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." *Zurich Inc. Co. v. Logitrans, Inc.* 297 F.3d 528, 531 (6th Cir. 2002).

Rule 17(a) "does not mean, for example, that following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period." Fed. R. Civ. P. 17 advisory committee's notes.

The facts of this case are analogous to the example illustrated by the advisory committee. This action was filed in the name of Kevin Chelko Photography, Inc., when Kevin Chelko Photography, Inc. had no standing to bring the claims asserted against the defendants. Kevin Chelko, a separate individual, cannot now benefit from Kevin Chelko Photography Inc.'s mistake "so as to take advantage of the suspension of the limitations period. *Zuich Ins. Co.*, 297 F.3d at 532.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 34) is **GRANTED**.

**SO ORDERED.**

Signed: January 19, 2017

Graham C. Mullen
United States District Judge